

# COMMONWEALTH OF MASSACHUSETTS

**DUKES, SS.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.**

DUCV 2013- 00028

A true copy
Attest:

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY

JUL 19 2013

REC'D
_____
CLERK

|   |   |
|---|---|
| Ladislav Navratil, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Fremont Reorganizing Corporation | ) |
| f/k/a Fremont Investment & Loan, | ) |
| Litton Loan Servicing LP, | ) |
| Ocwen Financial Corporation, | ) |
| Ocwen Loan Servicing, LLC, | ) |
| Goldman Sachs Group, Inc., | ) |
| HSBC Bank USA, N.A., as Trustee for | ) |
| Fremont Home Loan Trust 2006-E, | ) |
| Mortgage Backed Certificates, Series 2006-E, | ) |
| and U.S. Bank National Association, as Trustee | ) |
| of Structured Asset Securities Corporation | ) |
| Mortgage Loan Trust Mortgage Pass-Through | ) |
| Certificates Series 2006-BC2, | ) |
| | ) |
| Defendants | ) |

## COMPLAINT

This is a claim for declaratory and injunctive relief, requesting a declaration that two mortgage loans made by Fremont Investment & Loan to plaintiff are "Presumptively Unfair" under the terms of a Final Judgment By Consent entered in *Commonwealth of Massachusetts v. Fremont Investment & Loan and Fremont General Corporation*, Suffolk Superior Court, Civil Action No. 07-4373-BLS1; and ordering that the current holders and/or servicers of said mortgage loans be enjoined from initiating or advancing a foreclosure on said mortgage loans or taking any action with respect to said loans that is adverse to plaintiff.

Plaintiff further seeks a declaration that the two mortgage loans made by defendant Fremont Investment & Loan to plaintiff were never validly sold and/or assigned to Fremont

Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E and Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2, respectively; that the trustees of said trusts, HSBC Bank USA, N.A., and U.S. Bank National Association have no right to receive payments on said loans; that Ocwen Loan Servicing, LLC has no right to collect payments on said loans; and that Ocwen's predecessors, GMAC Mortgage, LLC and Litton Loan Servicing LP, had no right to collect payments on said loans during the periods that they claimed to be the loan servicers for the loans. Plaintiff seeks an order that Ocwen, HSBC Bank USA, N.A., and U.S. Bank National Association be enjoined from collecting any payments on said loans and be enjoined from initiating or advancing a foreclosure on said mortgage loans or taking any action with respect to said loans that is adverse to plaintiff.

This is also a claim for relief pursuant to General Laws Chapter 93A against Litton Loan Servicing LP, Goldman Sachs Group, Inc., Ocwen Financial Group and Ocwen Loan Servicing, LLC. Defendant Litton Loan Servicing LP engaged in unfair and deceptive trade acts and practices in its servicing of plaintiff's first mortgage loan, which has caused plaintiff substantial injury and damages. Defendant Ocwen Financial Corporation acquired Litton Loan Servicing LP in 2011 and is liable for the actions of its agent, Litton. Defendant Ocwen Loan Servicing, LLC is the successor in interest of Litton Loan Servicing LP and is liable for the actions of its predecessor, Litton. Defendant Goldman Sachs Group, Inc. owned Litton Loan Servicing LP prior to selling it to Ocwen Financial Corporation and, in the alternative, is liable for the acts and omissions of Litton during the period prior to Litton's sale to Ocwen Financial Corporation.

<div align="center">PARTIES</div>

1.    Plaintiff Ladislav Navratil ("Navratil") is an individual who resides at 63 Eleventh Street South, Edgartown, Dukes County, Massachusetts.

2.    Defendant Fremont Reorganizing Corporation ("FRC") is a corporation with a principal place of business at 2727 East Imperial Highway, Brea, California 92821. Fremont Investment & Loan ("FIL"), as FRC was formerly known, was formerly a California-chartered and FDIC-insured industrial bank. At all times relevant to this action FIL was engaged in the origination of residential mortgage loans.

3.     Defendant HSBC Bank USA, N.A. is a national bank chartered under the National Bank Act, with its principal place of business in New York City, New York.

4.     Defendant HSBC Bank USA, N.A., is the Trustee of Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E.

5.     Defendant Litton Loan Servicing LP is a company engaged in the servicing of residential mortgage loans with its principal place of business in Houston, Texas. As of September 1, 2011, Litton Loan Servicing LP operates as a subsidiary of Ocwen Loan Servicing, LLC.

6.     Defendant Ocwen Loan Servicing, LLC is a company engaged in the servicing of residential mortgage loans with its principal place of business located in West Palm Beach, Florida. At all times relevant to this action Ocwen Loan Servicing, LLC has been a subsidiary of Ocwen Financial Corporation.

7.     Defendant Ocwen Financial Corporation is a corporation engaged in the servicing of residential mortgage loans with its principal place of business located in West Palm Beach, Florida.

8.     Defendant Goldman Sachs Group, Inc. (Goldman") is a corporation engaged in banking and financial services, with its principal place of business in New York City, New York.

9.     Defendant Goldman was the corporate parent of Litton Loan Servicing LP during the period January 1, 2008 through September 1, 2011.

10.     Defendant U.S. Bank National Association is a national bank chartered under the National Bank Act, with its principal place of business in Minneapolis, Minnesota.

11.     Defendant U.S. Bank National Association is the Trustee of Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2.

<div align="center">JURISDICTION</div>

12.     This action is brought and this court has jurisdiction pursuant to G. L. c. 93A, § 9 and G. L. c. 231A.

<div align="center">3</div>

## FACTS

13.   At all relevant times hereto the defendants were engaged in trade or commerce.

14.   On or about April 7, 2006, FIL originated a first mortgage loan to Navratil in the amount of $425,360.00 to finance Navratil's purchase of 63 Eleventh Street South, Edgartown, Massachusetts. The loan was secured by a first mortgage on Navratil's principal residence, 63 Eleventh Street South, Edgartown, Massachusetts (the "Navratil Home"). The first mortgage was recorded with the Dukes County Registry of Deeds at Book 1078, Page 413.

15.   On or about April 7, 2006, FIL originated a second mortgage loan to Navratil in the amount of $106,340.00 to finance Navratil's purchase of the Navratil Home. The loan was secured by a second mortgage on the Navratil Home. The second mortgage was recorded with the Dukes County Registry of Deeds at Book 1078, Page 429.

16.   The first and second mortgage loans made by FIL to Navratil equaled one hundred percent of the purchase price of the Navratil Home. Hence, the loan-to- value ratio of the two mortgage loans to the property securing the loans was one hundred percent.

17.   The first mortgage loan made by FIL to Navratil is an adjustable rate loan with an introductory interest rate period of two years. Beginning on May 1, 2008, the interest rate may change every six months based on the six month London Interbank Offered Rate ("LIBOR").

18.   The introductory rate for the initial two year period of the first mortgage loan was significantly lower than the fully-indexed interest rate for said loan.

19.   The second mortgage loan made by FIL to Navratil is a fixed rate loan with an interest rate of 10.575% and a term of 30 years.

20.   At the time FIL made the first and second mortgage loans to Navratil, Navratil's debt-to-income ratio would have exceeded reasonable mortgage underwriting ratios if measured using the fully-indexed rate of the first mortgage rather than the introductory rate.

21.   At the time FIL made the first and second mortgage loans to Navratil, FIL knew or should have known that Navratil was not likely to be able to repay these loans.

22.   In making the first and second mortgage loans to Navratil, FIL engaged in unfair and deceptive acts or practices within the meaning of G.L. c. 93A, § 2(a).

23.     FIL's unfair and deceptive acts or practices occurred in the conduct of trade or commerce within the meaning of G.L. c. 93A, § 2(a).

24.     On or about April 17, 2009, FRC consented to a Final Judgment by Consent in *Commonwealth of Massachusetts v. Fremont Investment & Loan and Fremont General Corporation*, Suffolk Superior Court, Civil Action No. 07-4373-BLS1, which Judgment was entered on the court's docket on June 9, 2009 (the "FIL Settlement").

25.     The FIL Settlement provides that before initiating or advancing any mortgage loan originated by FIL that is "Presumptively Unfair"; that is secured by the borrower's principal dwelling; and where the dwelling is neither vacant nor uninhabitable, FRC shall give the Massachusetts Attorney General forty-five days' advance written notice of the proposed foreclosure, identifying the reasons why foreclosure is reasonable under the circumstances.

26.     The first mortgage loan and second mortgage loan identified in paragraphs 15 and 16 above (the "FIL loans") are "Presumptively Unfair" as that term is defined in the FIL Settlement. Both FIL loans are secured by Navratil's principal dwelling; and Navratil resides at the dwelling. Therefore, the FIL loans qualify for inclusion in the FIL settlement.

27.     FRC and FIL have failed and refused to include the FIL loans in the FIL Settlement and/or make reasonable efforts to modify the FIL loans.

28.     On or about June 1, 2008, FIL transferred servicing rights to the first mortgage loan to defendant Litton Loan Servicing LP ("Litton"). Thereafter, Litton collected all of Navratil's monthly first mortgage loan payments, maintained an escrow account for accumulation of funds to pay Navratil's property taxes and property insurance premiums and made payments to the taxing authority and insurer. At all times relevant hereto, Litton represented to Navratil that it was collecting Navratil's interest and principal payments on behalf of the holder of his first mortgage note and that it was conveying those payments to the note holder.

29.     In 2009, the Massachusetts Attorney General's Office notified Navratil that it had entered into a settlement agreement with Litton under which Litton would offer alternatives to foreclosure, including loan modifications, to Massachusetts customers in financial distress. At that time plaintiff was in financial distress and requested that Litton modify his first mortgage.

The first mortgage loan was unfair, plaintiff could not afford to continue the required monthly payments, the market value of the Navratil Home had decreased significantly and plaintiff could not refinance the FIL loans.

30.     On or about September 2, 2009, Litton offered to modify plaintiff's first mortgage loan if plaintiff made three monthly payments during a trial period. Plaintiff agreed and made the three payments to Litton: $3,127.59 on October 8, 2009; $2,794.20 on November 10, 2009; and $2,794.20 on December 2, 2009.

31.     Instead of modifying plaintiff's first mortgage loan, Litton erroneously notified the major credit-reporting agencies that plaintiff was delinquent on his loan payments, which caused significant damage to plaintiff's credit rating and his ability to obtain credit; and Litton denied plaintiff's request to modify the first mortgage loan.

32.     In offering to modify plaintiff's first mortgage loan if plaintiff made three monthly payments and then reporting plaintiff as delinquent to the credit-reporting agencies and denying plaintiff's request for a loan modification, Litton engaged in unfair or deceptive acts or practices within the meaning of G.L. c. 93A, § 2(a).

33.     Litton's unfair or deceptive acts or practices occurred in the conduct of trade or commerce within the meaning of G.L. c. 93A, § 2(a).

34.     From some time prior to June 1, 2008 until it sold Litton to Ocwen Financial Group in September 2011, defendant Goldman owned Litton. Upon information and belief, plaintiff alleges that at all times while Goldman owned Litton, Litton, in its dealings with plaintiff was the agent of its parent Goldman, and acted within the scope of its agency. Therefore, Goldman is liable for Litton's acts and omissions in Litton's dealings with plaintiff.

35.     In September 2011, Ocwen Financial Corporation acquired Litton from Goldman; and on or about November 1, 2011, servicing rights to the first mortgage loan were transferred from Litton to Ocwen Loan Servicing, LLC. Ocwen Loan Servicing, LLC performed the same loan servicing functions as Litton and represented to Navratil that it was collecting Navratil's interest and principal payments on behalf of the holder of his first mortgage note and that it was conveying those payments to the note holder.

36.     Upon information and belief, plaintiff alleges that Ocwen Financial Corporation and Ocwen Loan Servicing, LLC are the successors and assigns of Litton with regard to Litton's dealings with plaintiff and, as such, they are liable for the acts and omissions of Litton in its dealings with plaintiff.

37.     Beginning in 2007, GMAC Mortgage, LLC serviced the second mortgage loan. It collected all of Navratil's monthly second mortgage loan payments. At all times relevant hereto, GMAC Mortgage, LLC represented to Navratil that it was collecting Navratil's monthly second mortgage loan payments on behalf of the holder of his second mortgage note and was conveying those payments to the note holder.

38.     In or about February 2013, servicing rights to the second mortgage loan were transferred from GMAC Mortgage, LLC to Ocwen Loan Servicing, LLC. Ocwen Loan Servicing, LLC performs the same loan servicing functions as did GMAC Mortgage, LLC and purports to be responsible for collecting Navratil's interest and principal payments on behalf of the holder of his second mortgage note and conveying those payments to the note holder.

39.     On September 20, 2012, an Assignment of Mortgage was recorded with the Dukes County Registry of Deeds at Book 1292, Page 777. This document states that Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee of FIL, was assigning the second mortgage to Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2, U.S. Bank Association, as Trustee.

40.     Navratil had no knowledge that the second mortgage had been assigned to a party other than FIL and MERS until sometime after September 20, 2012. Navratil only learned of the mortgage assignment by checking the on-line record of his property at the Massachusetts Land Records website.

41.     On January 22, 2013, an Assignment of Mortgage was recorded with the Dukes County Registry of Deeds at Book 1306, Page 67. This document states that MERS, as nominee of FIL, was assigning the first mortgage to HSBC Bank USA, N.A., as Trustee for Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E.

42.     Navratil had no knowledge that the first mortgage had been assigned to a party other than FIL and MERS until sometime after January 22, 2013. Navratil only learned of the

mortgage assignment by checking the on-line record of his property at the Massachusetts Land Records website.

43.     Navratil repeatedly submitted requests to Litton, Ocwen and GMAC asking that they or the current owners of the FIL loans modify the terms of the loans. All have refused.

44.     On January 13, 2012, Ocwen notified Navratil that the first mortgage loan was in default and that it may accelerate the first mortgage loan and foreclose on the Navratil Home if he did not pay the amount demanded by June 11, 2012.

45.     At no time did FIL, Litton, or Ocwen notify Navratil of the FIL Settlement.

46.     Litton and Ocwen have failed and refused to include the FIL loans in the FIL Settlement and/or make reasonable efforts to modify the FIL loans.

47.     On December 9, 2010, Navratil sent Litton, via certified mail, return receipt requested, a written demand for relief pursuant to G.L. c. 93A, sec. 9, identifying the claimant and reasonably describing the unfair or deceptive practices relied upon     and     the     injuries suffered. A copy of the demand letter to Litton is attached   hereto as Exhibit A.

48.     On or about January 16, 2011, Navratil received a letter dated January 13, 2011 from Joseph P. Calandrelli, Esquire, attorney for Litton, in reply to Navratil's December 9, 2010 demand letter. In this reply letter, Litton refused to make a  reasonable offer of relief to Navratil. A copy of the January 13, 2011 reply letter  is attached hereto as Exhibit B.  The   refusal   to grant relief was made in bad  faith with knowledge or reason to know that the acts of defendant violated G.L. c. 93A, sec. 2.

49.     As a result of the unfair or deceptive practices of Litton, its parents, successors and assigns, Navratil has suffered, and continues to suffer to the present time, damages. He has paid and continues to incur interest charges and penalties due on the first and second mortgage loans, which are excessive and unfair, and which these defendants knew or should have known that he could not pay after the expiration of the introductory period of the first mortgage loan.

50.     Litton, its parents, successors and assigns, knew or should have known that the FIL loans, both individually and taken together, were doomed to fail from the time they were originated. They knew or should have known that Navratil could not refinance these loans to obtain lower interest rates unless the value of the Navratil Home increased substantially. In fact,

the value of the Navratil Home has decreased by more than twenty-five percent (25%) since the time these loans were originated. Therefore, it has been impossible for Navratil to refinance these loans and obtain relief from the excessive interest rates imposed by these loans.

51.     As a result of the acts and omissions of Litton, its parents, successors and assigns and their unfair or deceptive practices, Navratil has suffered destruction of his credit rating and an inability to borrow money or obtain credit from the major credit card companies and commercial lending institutions.

52.     As a result of the acts and omissions of Litton, its parents, successors and assigns and their unfair or deceptive  practices, Navratil has suffered severe mental distress.

53.     On or about October 31, 2011 Navratil requested Litton to produce the note of his first mortgage loan, which would provide documentary proof that his first  mortgage  loan  had been assigned to HSBC Bank USA, N.A., as Trustee for Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E. Litton failed and refused to provide Navratil with the requested documentation.

54.     On or about October 31, 2011, Navratil requested GMAC Mortgage, LLC to produce the note of his second mortgage loan, which would provide documentary proof  that  his second mortgage loan had been assigned to U.S. Bank National Association, as Trustee of Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2. GMAC Mortgage, LLC failed and refused to provide Navratil with the requested documentation.

55.     Upon information and belief, Navratil alleges that HSBC Bank USA, N.A., as Trustee for Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E and U.S. Bank National Association, as Trustee of Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2, do not hold the first or second mortgage loan promissory notes that Navratil executed on April 7, 2006; and that any payments made by Navratil to Litton, Ocwen and/or GMAC Mortgage, LLC, which have been paid by Litton, Ocwen and/or GMAC Mortgage, LLC to HSBC Bank USA, N.A. and/or U.S. Bank National Association, on account of said promissory notes, have been made negligently and without any contractual basis, all to Navratil's financial detriment.

56. Pursuant to M.G.L. c. 231A, plaintiff is entitled to Declaratory Judgment:

    a.     Declaring that the FIL loans qualify for inclusion in the FIL Settlement.

    b.     Declaring that the FIL loans are Presumptively Unfair as that term is used in the FIL Settlement.

    c.     Declaring that the FIL first mortgage loan was never validly sold and/or assigned to Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E.

    d.     Declaring that all payments made by plaintiff on the first mortgage loan to Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC, including but not limited to any payments that were forwarded to HSBC Bank USA, N.A., as Trustee for Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E, were made in error and without any contractual basis.

    e.     Declaring that all payments made by plaintiff on the first mortgage loan to Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC, including but not limited to any payments that were forwarded to HSBC Bank USA, N.A., are held by said defendants in trust for the benefit of the true holder of the first mortgage loan.

    f.     Declaring that the FIL second mortgage loan was never validly sold and/or assigned to Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2.

    g.     Declaring that all payments made by plaintiff on the second mortgage loan to GMAC Mortgage, LLC and/or Ocwen Loan Servicing, LLC, including but not limited to any payments that were forwarded to U.S. Bank National Association, as Trustee of Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2, were made in error and without any contractual basis.

    h.     Declaring that all payments made by plaintiff on the second mortgage loan to GMAC Mortgage, LLC, and/or Ocwen Loan Servicing, LLC, including but not limited to any payments that were forwarded to U.S. Bank National Association, as Trustee of Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through

Certificates Series 2006-BC2, are held by said defendants in trust for the benefit of the true holder of the second mortgage loan.

WHEREFORE, Plaintiff requests this Court grant the following relief:

1. Declare that the FIL loans qualify for inclusion in the FIL Settlement.

2. Declare that the FIL loans are Presumptively Unfair as that term is used in the FIL Settlement.

3. Declare that the FIL first mortgage loan was never validly sold and/or assigned to Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E.

4. Declare that all payments made by plaintiff on the first mortgage loan to Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC, which were forwarded to HSBC Bank USA, N.A., as Trustee for Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates, Series 2006-E, were made in error and without any contractual basis.

5. Declare that all payments made by plaintiff on the first mortgage loan to Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC, including but not limited to any payments that were forwarded to HSBC Bank USA, N.A., are held by said defendants in trust for the benefit of the true holder of the first mortgage loan.

6. Declare that the second mortgage loan was never validly sold and/or assigned to Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2.

7. Declare that all payments made by plaintiff on the second mortgage loan to GMAC Mortgage, LLC and/or Ocwen Loan Servicing, LLC, which were forwarded by GMAC and Ocwen to U.S. Bank Association, as Trustee of Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2 were made in error and without any contractual basis.

8. Declare that all payments made by plaintiff on the second mortgage loan to GMAC Mortgage, LLC, and/or Ocwen Loan Servicing, LLC, including but not limited to any payments that were forwarded to U.S. Bank National Association, as Trustee of Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-

BC2, are held by said defendants in trust for the benefit of the true holder of the second mortgage loan.

9.     After trial, issue a permanent injunction prohibiting defendants, their agents, successors and assigns from accelerating the FIL loans and/or foreclosing on the Navratil Home.

10.     Order that the FIL loans be modified to reflect current interest rates and the value of the Navratil Home, so that these loans are no longer presumptively unfair.

11.     Order Litton, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A. and U.S. Bank National Association to refund to Navratil all payments made in error to them and/or to their predecessors in interest.

12.     Enter judgment for plaintiff against defendants Litton, Ocwen Financial Group, Ocwen Loan Servicing, LLC and Goldman Sachs Group, Inc., jointly and severally.

13.     Award damages to plaintiff and against defendants Litton, Ocwen Financial Group, Ocwen Loan Servicing, LLC and Goldman Sachs Group, Inc. in an amount to be determined by the Court.

14.     Treble such amount as provided by G.L. c. 93A, sec. 9(3).

15.     Award plaintiff his costs, expenses and attorney fees incurred in prosecuting this action; and

16.     Grant such other relief as this Court deems just and proper.

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,
Plaintiff Ladislav Navratil
By his attorney,

Dated: July 19, 2013

E. Douglas Sederholm
BBO #636191
62 Winter Street
P.O. Box 1929
Edgartown, MA 02539
(508) 627-1320
Email: sederholmd@msn.com

# Exhibit A

**Ladislav Navratil**
**P. O. Box 511**
**Vineyard Haven, MA 02568**
**508-560-1252**
**ln0579@yahoo.com**

December 9,  2010                    **SENT CERTTIFIED MAIL AND REGULAR MAIL**

Litton Loan Servicing                    Larry B. Litton Jr.
Attn: Customer Service Department         Chief Executive Officer,
4828 Loop Central Drive                   Litton Loan Servicing, LP
Houston, TX 77081                         4828 Loop Central Dr.
                                          Houston, TX 77081

Litton Loan Servicing                    Brennan Holland
Attn: Fair Lending Officer                Corporate Counsel
4828 Loop Central Drive                   Litton Loan Servicing, LP
Houston, TX 77081                         4828 Loop Central Dr.
                                          Houston, TX 77081

RE:    Predatory mortgage loan to Ladislav Navratil re: 63 Eleventh Street, South, Edgartown, MA 02539,
Litton Loan Servicing, Loan #  0040346231

Dear Litton Loan Servicing

Under the provisions of Massachusetts General Laws, Chapter 93A, Section 9, I hereby make written
demand for relief as outlined in that statute.

As a consequence of the afore-referenced mortgage loan on my principal residence the following events
occurred resulting in unfair and deceptive practices, and in violation of Massachusetts General Laws,
Chapter 93A.

On or around April 7, 2006 I entered into a mortgage loan with Fremont Investment & Loan in the
principal amount of approximately $425,360 at 7.900 % interest rate.  Litton Loan Servicing, LP ("Litton")
is the successor at interest of Fremont.  I have repeatedly requested from Litton an adjustment of this rate to
conform to today's much lower rates.  You have repeatedly ignored, delayed and reneged on my four
requests for a loan modification.

In almost five years I have never missed or been delinquent in any payment.  This loan was a predatory
loan at its inception and continues to be so today.  Almost 8 % interest rate is a predatory loan and an unfair
and deceptive practice under M.G.L. c. 93A.  The Massachusetts Attorney General has ruled that predatory
loans are unfair and deceptive practices under M.G.L. c. 93A.

While my personal credit is excellent it is a fair statement that any new borrower with a far lower credit
score could enter into a mortgage loan with Litton today at a significantly lower interest rate than the 7.9%
adjustable rate I am paying.  This is an unfair and deceptive practice under M.G.L. c. 93A.

On February 26, 2010 I advised you, in writing, that you had mistakenly reported late payments on the
subject loan to the consumer credit agencies seriously damaging my credit.  After repeated communications
you contacted the consumer credit agencies and corrected your error.  I suffered impaired credit due to your
carelessness. This is an unfair and deceptive practice under M.G.L. c. 93A.

1

On four separate occasions I have applied to you for a loan modification. Consistently your procrastination and misplacing my submissions required you to request I resubmit an updated package. This caused much delay, time on my part and resulted in my continuously paying you the existing onerous rate of interest. Subsequently, you approved a Trial Modification Offer requiring three monthly payments. All three payments were made in full and in a timely manner. You rewarded my responsiveness by denying me the loan modification and reporting late payments to the consumer credit agencies, which you subsequently corrected (see preceding paragraph). This is an unfair and deceptive practice under M.G.L. c. 93A.

With my history of prompt payment and excellent credit scores there is no reason why you should not have long ago cooperated with me in a loan modification. Upon investigation I am confident the record will show that you have entered into loan modifications with other mortgagors with far less payment and credit credentials. It can only be concluded that you want to continue to enjoy the onerous interest rate you are benefiting from me which is twice the current market rate for such mortgage loans. . This is an unfair and deceptive practice under M.G.L. c. 93A.

I herewith demand, as settlement, payment to me of $100,000 as lump sum excessive paid interest plus $25,000 in punitive damages and an immediate loan modification to reduce the interest rate to no more than 3.5%. If you agree to the immediate loan modification within the next thirty (30) days I will compromise by waiving some of my monetary claims as stated above.

Under the provisions of Section 9, Chapter 93A, we are providing you with the opportunity to make a written offer of settlement of this claim within 30 days. If you fail to make a good faith offer of settlement in response to this request, and we institute legal action, a court may award us triple damages, attorney's fees and costs if the court finds in our favor. We urge you to consult with a Massachusetts attorney.

Kindly address all communications to the address, telephone number, email address all referenced above. We look forward to hearing from you.

Sincerely,

# Exhibit B

Prince Lobel Glovsky & Tye LLP
100 Cambridge Street, Suite 2200
Boston, Massachusetts 02114

617 456 8000 main  617 456 8100 fax
PrinceLobel.com

# ⊠ PRINCE LOBEL

January 13, 2011

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ladislav Navratil
P.O. Box 511
Vineyard Haven, MA 02568

Re:   Response to G.L. c. 93A Demand Letter

Dear Mr. Navratil:

I am writing on behalf of Litton Loan Servicing, LP ("Litton") in response to your letter dated December 9, 2010 which purports to be a demand letter under the provisions of G.L. c. 93A. This office has investigated your assertions and the circumstances surrounding the current status of your loan account. This investigation reveals that you are not entitled to the relief you demand.

In April 2006, you obtained a loan from Fremont Investment & Loan ("Fremont") in the principal amount of $425,360. You signed an Adjustable Rate Note in which you agreed to repay this balance over a period of thirty years with interest. The initial interest rate of 7.9% was subject to change after two years. Litton now services this loan on behalf of its current holder.

In your letter, you assert that Litton has committed an unfair and deceptive act by providing you with a so-called "predatory" loan in violation of G.L. c. 93A. However, as noted above, Litton is merely the current servicer of your loan. It did not originate your loan and had no responsibility for establishing its terms. Particularly because Litton never held an ownership interest in your loan, it cannot be held liable for any allegedly unlawful conduct engaged in by Fremont. In addition, even if Litton could be subject to liability for Fremont's actions, your claim would be barred by the four-year statute of limitations applicable to claims under Chapter 93A. See G. L. c. 260, § 5A (actions arising on account of violations of any law intended for the protection of consumers, including . . . chapter ninety-three A . . . shall be commenced only within four years next after the cause of action accrues."); see also Fine v. Huygens, DiMella, Shaffer & Associates, 57 Mass. App. Ct. 397, 505 (2003) ("Claims asserting unfair and deceptive trade practices under C. 93A are governed by a four-year limitations period with an accrual date that is determined by the same principles that govern the determination of the underlying actions").

You also allege that Litton committed an unfair and deceptive act by denying your request for a loan modification. This allegation is contrary to both law and fact. You state in your letter that you are current on your loan obligations. Under these circumstances, Litton does not have a duty to modify your loan. Nonetheless, in August 2009, Litton offered in good faith to place you into a Trial Period Plan in order to determine your eligibility for a permanent loan modification. This offer, however, was cancelled on April 1, 2010 at your request. Litton cannot be deemed to have engaged in an unfair and deceptive act by honoring your request to cancel the modification plan. If you would now like to begin the modification review process again, please complete the enclosed application and return all required documentation to Litton.

Finally, you assert that Litton violated Chapter 93A by providing inaccurate information to the credit reporting agencies. This assertion appears to arise out of Litton's reporting in the fall of 2009 that you were more than thirty days late on your mortgage payment. As you know, Litton promptly submitted a revised data form to the credit reporting agencies on March 1, 2010 requesting that your account be reflected as current. Therefore, as you concede in your letter, Litton remedied any prior report which you now allege was inaccurate. As a result, it cannot be held liable under G.L. c. 93A. Even if there was some actionable violation, you have not provided any detail regarding the nature or extent of your alleged damages. See G.L. c. 93A, § 9 (claimant has an obligation to issue a demand letter "reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered"). As such, Litton is currently precluded from performing a complete investigation of this claim.

For the foregoing reasons, Litton has not committed any unfair or deceptive acts or practices or engaged in any unlawful conduct. It therefore cannot offer you the relief you demand.

Sincerely,

*Joseph Calandrelli*

Joseph P. Calandrelli

JPC:vad
Enclosure

Direct Dial: 617-456-8096
Email: jcalandrelli@PrinceLobel.com

cc:    Litton Loan Servicing, LP (*via email*)

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF ___Dukes___ | DOCKET NO. _____ |
|---|---|---|

| **PLAINTIFF(S)**<br><br>Ladislav Navratil | **DEFENDANT(S)**<br>Fremont Reorganizing Corporation f/k/a Fremont Investment & Loan, Litton Loan Servicing LP, Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, Goldman Sachs Group, Inc., HSBC Bank, N.A., and US Bank, N.A. |
|---|---|
| Plaintiff Atty ____E. Douglas Sederholm____ | Type Defendant's Attorney Name |
| | Defendant Atty _____ |
| Address ____62 Winter Street, PO Box 1929____ | Address _____ |
| City __Edgartown__ State __MA__ Zip Code __002539__ | City _____ State _____ Zip Code _____ |
| Tel. __508-627-1320__ BBO# __636191__ | |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO.   TYPE OF ACTION (specify)   TRACK | IS THIS A JURY CASE? |
|---|---|
| D13 - Declaratory Judgment GL c. 231A and Consumer Protection GL c. 93A - A | [X] Yes   [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

| | | |
|---|---|---:|
| A. | Documented medical expenses to date: | |
| | 1.  Total hospital expenses | $ 0.00 |
| | 2.  Total doctor expenses | $ 0.00 |
| | 3.  Total chiropractic expenses | $ 0.00 |
| | 4.  Total physical therapy expenses | $ 0.00 |
| | 5.  Total other expenses (describe) | $ 0.00 |
| | Subtotal | $ 0.00 |
| B. | Documented lost wages and compensation to date | $ 0.00 |
| C. | Documented property damages to date | $ 0.00 |
| D. | Reasonably anticipated future medical expenses | $ 0.00 |
| E. | Reasonably anticipated lost wages and compensation to date | $ 0.00 |
| F. | Other documented items of damages (describe) | $ 0.00 |
| G. | Brief description of plaintiff's injury, including nature and extent of injury (describe) | |
| | Mental distress | |
| | **Total** | **To be determined** |

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

**Provide a detailed description of claim(s):**

| Excessive mortgage interest and penalties, misapplied mortgage payments, mental distress, destruction of credit rating. | **TOTAL $** To be determined |
|---|---|

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT** _____

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Uniform Rules on Dispute Resolution (SJC) Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: ___7/19/13___



PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER

## COMMONWEALTH OF MASSACHUSETTS

Dukes County, ss.

DEPARTMENT OF THE TRAIL COURT
SUPERIOR COURT
CIVIL ACTION
No. DUCV2013-00028-A



Ladislav Navratil , (Plaintiff(s)

v.

Fremont Reorganizing Corporation f/k/a
Fremont Investment & Loan,,, Ocwen
Loan Servicing, LLC, et al. , (Defendant(s)

## SUMMONS

To the above-named Defendant: Ocwen Loan Servicing, LLC

You are hereby summoned and required to serve upon E. Douglas Sederholm plaintiff's attorney, whose address is P.O. Box 1929 Edgartown, MA 02539, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the compliant in the office of the Clerk of this court at Edgartown either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse , Esquire, at Edgartown, the 22 nd day of July , in the year of our Lord two thousand and 13

A True Copy
Attest:

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

Clerk of Courts

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY

OCT 21 2013

REC'D
_____CLERK

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer, within 20 days as specified herein and also file the original in the Clerk's office.

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20 ___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

_____

Dated: _____, 20 ___ _____

N. B.   TO PROCESS SERVER:-

_____
Deputy Sheriff

Deputy Sheriff   John Cotter



Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

October 17, 2013

Suffolk, ss.

I hereby certify and return that on 10/16/2013 at 2:45 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Jeni Hartnett, Process Clerk, agent, person in charge at the time of service for Ocwen Loan Servicing, LLC, Corporation Service Company 84 State Street Boston, MA 02019. Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

SUPERIOR COURT
CIVIL ACTION
NO. _____

Plff.

v.

Dft.

SUMMONS
(Mass. R. Civ. P. 4)

DUKES COUNTY, ss.



(TO PLAINTIFF'S ATTORNEY:

PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER,

COMMONWEALTH OF MASSACHUSETTS

Dukes County, ss.

DEPARTMENT OF THE TRAIL COURT
SUPERIOR COURT
CIVIL ACTION
No. DUCV2013-00028-A

Ladislav Navratil

, (Plaintiff(s)

v.

Fremont Reorganizing Corporation f/k/a
Fremont Investment & Loan, ...
Goldman Sachs Group, Inc., etal.

, (Defendant(s)

### SUMMONS

To the above-named Defendant: Goldman Sachs Group, Inc.,

You are hereby summoned and required to serve upon E. Douglas Sederholm plaintiff's
attorney, whose address is P.O. Box 1929, Edgartown, MA 02539, an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint. You are also required to file your answer to the compliant in the office of the Clerk of
this court at Edgartown either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Edgartown, the 22nd day of
July, in the year of our Lord two thousand and 13.

A True Copy
Attest:

JOSEPH E. SOLLITTO, Clerk of Courts
CLERK OF COURTS

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY

OCT 21 2013



NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer, within 20 days as specified herein and also file the original in the Clerk's office.

REC'D
_____CLERK

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.



## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ______________, 20 __, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

______________________________________________

______________________________________________

______________________________________________

Dated: , 20 . ______________________________

N. B. TO PROCESS SERVER:-

Deputy Sheriff

Deputy Sheriff John Cotter

**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.* October 17, 2013

I hereby certify and return that on 10/16/2013 at 1:50 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Darhlena Mitchell, Manager, agent, person in charge at the time of service for Goldman Sachs Group, Inc., CT Corporation System 155 Federal Street Suite 700 Boston, MA 02110. Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Total: $36.00

DUKES COUNTY, ss.

SUPERIOR COURT
CIVIL ACTION
NO.______

______ Plff.

v.

______ Dft.

SUMMONS

(Mass. R. Civ. P. 4)

PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER.)

COMMONWEALTH OF MASSACHUSETTS

Dukes County, ss.

DEPARTMENT OF THE TRAIL COURT
SUPERIOR COURT
CIVIL ACTION
No. DUCV 2013-00028-A

Ladislav Navratil _____, (Plaintiff(s)

v.

Fremont Reorganizing Corporation f/k/a _____, (Defendant(s)

Fremont Investment & Loan ...
HSBC Bank USA, N.A., et al.

## SUMMONS

To the above-named Defendant: HSBC Bank, USA, N.A.

You are hereby summoned and required to serve upon E Douglas Sederholm plaintiff's
attorney, whose address is P.O. Box 1929, Edgartown, MA 02539 an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded
in the complaint. You are also required to file your answer to the compliant in the office of the Clerk of
this court at Edgartown either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse _____, Esquire, at Edgartown, the____22nd____day of
July ____, in the year of our Lord two thousand ____and 13____

A True Copy
Attest:

JOSEPH E. SOLLITTO, JR., Clerk of Courts
CLERK OF COURTS

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY

OCT 2 1 2013

REC'D
_____CLERK

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer, within 20 days as specified herein and also file the original in the Clerk's office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20 ___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____, 20 ___ . _____

N. B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

---

**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*                                                    October 17, 2013

I hereby certify and return that on 10/16/2013 at 1:50 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Darhlena Mitchell, Manager, agent, person in charge at the time of service for HSBC Bank, USA, N.A., CT Corporation System 155 Federal Street Suite 700 Boston, MA 02110. Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Travel ($27.50) Total: $63.50

Deputy Sheriff  John Cotter

_____
                              *Deputy Sheriff*

SUPERIOR COURT
CIVIL ACTION
NO.

Plff.

v.

Dft.

SUMMONS
(Mass. R. Civ. P. 4)

DUKES COUNTY, ss.



## COMMONWEALTH OF MASSACHUSETTS

**DUKES, SS.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. DUCV2013-00028-A**

A True Copy
Attest:

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

Ladislav Navratil, )
)
Plaintiff )
)
v. )
)
Fremont Reorganizing Corporation )
f/k/a Fremont Investment & Loan, )
Litton Loan Servicing LP, )
Ocwen Financial Corporation, )
Ocwen Loan Servicing, LLC, )
Goldman Sachs Group, Inc., )
HSBC Bank USA, N.A., as Trustee for )
Fremont Home Loan Trust 2006-E, )
Mortgage Backed Certificates, Series 2006-E, )
and U.S. Bank National Association, as Trustee )
of Structured Asset Securities Corporation )
Mortgage Loan Trust Mortgage Pass-Through )
Certificates Series 2006-BC2, )
)
Defendants )
)

---

## AFFIDAVIT OF SERVICE OF PROCESS ON U.S. BANK NATIONAL ASSOCIATION

I, E. Douglas Sederholm, being duly sworn according to law, state that on October 16, 2013 I served the Summons and copies of the Complaint, Civil Action Cover Sheet and Tracking Order in the above-captioned action on defendant U.S. Bank National Association, 425 Walnut Street, Cincinnati, Ohio 45202-3923 by Priority Mail Express, Return Receipt Requested. The USPS Domestic Return Receipt, which was signed by Y. Green on behalf of U.S. Bank National Association, is attached hereto as Exhibit "A". A copy of the USPS proof of delivery, which states that delivery was made to Y. Green at 425 Walnut Street, Cincinnati, Ohio on October 16,

FILED
COUNTY OF DUKES COUNTY

OCT 23 2013

REC'D

CLERK

2013 at 11:46 am, is attached hereto as Exhibit "B". Service of process was made pursuant to Rule 4(e) of the Massachusetts Rules of Civil Procedure and General Laws c. 223A, § 6(a)(3).

Signed under the pains and penalties of perjury on this 23rd day of October 2013.

E. Douglas Sederholm

## COMMONWEALTH OF MASSACHUSETTS

Dukes County, ss:

On the 23rd day of October, 2013, before me, the undersigned notary public, personally appeared E. Douglas Sederholm, proved to me through satisfactory evidence of identification, which was personal knowledge, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

Notary Public:
My commission expires:

SUSAN M. BORDONARO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 21, 2014

2

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Bank, National Association
425 Walnut St,
Cincinnati, OH
45202-3923

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
_____ ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

OCT 1 7 2012

CINCINNATI OH
MID CITY STA
USPS - 45203

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Certified Mail
- ☐ Express Mail
- ☐ Registered
- ☐ Return Receipt for Merchandise
- ☐ Insured Mail
- ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# Exhibit A

# Exhibit B



**UNITED STATES**
**POSTAL SERVICE**

Date: October 23, 2013

Ernest Sederholm:

The following is in response to your October 23, 2013 request for delivery information on your Priority Mail Express® item number EI106692846US. The delivery record shows that this item was delivered on October 16, 2013 at 11:46 am in CINCINNATI, OH 45203 to Y GREEN. The scanned image of the recipient information is provided below.

Signature of Recipient :    

Address of Recipient :    

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service



## COMMONWEALTH OF MASSACHUSETTS

DUKES, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. DUCV2013-00028-A

A True Copy
Attest:

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS

Ladislav Navratil, )
)
Plaintiff )
)
v. )
)
Fremont Reorganizing Corporation )
f/k/a Fremont Investment & Loan, )
Litton Loan Servicing LP, )
Ocwen Financial Corporation, )
Ocwen Loan Servicing, LLC, )
Goldman Sachs Group, Inc., )
HSBC Bank USA, N.A., as Trustee for )
Fremont Home Loan Trust 2006-E, )
Mortgage Backed Certificates, Series 2006-E, )
and U.S. Bank National Association, as Trustee )
of Structured Asset Securities Corporation )
Mortgage Loan Trust Mortgage Pass-Through )
Certificates Series 2006-BC2, )
)
Defendants )
)

## AFFIDAVIT OF SERVICE OF PROCESS ON OCWEN FINANCIAL CORPORATION

I, E. Douglas Sederholm, being duly sworn according to law, state that on October 16,

2013 I served the Summons and copies of the Complaint, Civil Action Cover Sheet and Tracking

Order in the above-captioned action on defendant Ocwen Financial Corporation, by delivery to

its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida

32301, by Priority Mail Express, Return Receipt Requested. The USPS Domestic Return

Receipt, which was signed by Kara Stover, is attached hereto as Exhibit "A." A copy of the

USPS proof of delivery, which states that delivery was made to K. Stover on October 16, 2013 at

8:52 am, is attached hereto as Exhibit "B". Service of process was made pursuant to Rule 4(e) of

the Massachusetts Rules of Civil Procedure and General Laws c. 223A, § 6(a)(3).

Signed under the pains and penalties of perjury on this 23rd day of October 2013.

E. Douglas Sederholm

## COMMONWEALTH OF MASSACHUSETTS

Dukes County, ss:

On the 23rd day of October, 2013, before me, the undersigned notary public, personally

appeared E. Douglas Sederholm, proved to me through satisfactory evidence of identification,

which was personal knowledge, to be the person whose name is signed on the preceding or

attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

Notary Public:

My commission expires:

SUSAN M. BORDONARO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 21, 2014

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Kara Stover*    ☐ Agent
              ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

*Kara Stover*    10/16/13

1. Article Addressed to:

*Corporation Service Co.*

*1201 Hays Street*

*Tallahassee, FL*

*32301*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# Exhibit A

Exhibit B

 **UNITED STATES**
**POSTAL SERVICE**.

Date: October 23, 2013

Ernest Sederholm:

The following is in response to your October 23, 2013 request for delivery information on your Priority Mail Express® item number EI106692829US. The delivery record shows that this item was delivered on October 16, 2013 at 8:52 am in TALLAHASSEE, FL 32315 to K STOVER. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient : 

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

COMMONWEALTH OF MASSACHUSETTS

Dukes County, ss.

DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT
CIVIL ACTION
No. DUCV2013-00028-A

*Ladislav Navratil* , (Plaintiff(s)

v.

*Fremont Reorganizing Corporation f/k/a
Fremont Investment & Loan,
Litton Loan Servicing, LP, et al.* (Defendant(s)

## SUMMONS

To the above-named Defendant: *Litton Loan Servicing, LP*

You are hereby summoned and required to serve upon *E. Douglas Sederholm* plaintiff's attorney, whose address is *P.O. Box 1929, Edgartown, MA 02539*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the compliant in the office of the Clerk of this court at Edgartown either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse , Esquire, at Edgartown, the _____22nd_____ day of _July_, in the year of our Lord two thousand and _13_.

A True Copy
Attest:

*Joseph E. Sollitto, Jr.*          *Joseph E. Sollitto, Jr.*

JOSEPH E. SOLLITTO, JR.
CLERK OF COURTS          Clerk of Courts

FILED
SUPERIOR COURT
COUNTY OF DUKES COUNTY

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer, within 20 days as specified herein and also file the original in the Clerk's office.

## NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20 __, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____ , 20 ___ _____

TO PROCESS SERVER:—

_____
*Deputy Sheriff*

Deputy Sheriff John Cotter

Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

**Suffolk, ss.**
October 17, 2013

I hereby certify and return that on 10/16/2013 at 2:45 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Jeni Hartnett, Process Clerk, agent, person in charge at the time of service for Litton Loan Servicing LP, Corporation Service Company 84 State Street Boston, MA 02109. Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Travel ($27.50) Total: $63.50

DUKES COUNTY, ss.

SUPERIOR COURT
CIVIL ACTION
NO. _____

_____ Plff.

v.

_____ Dft.

SUMMONS

(Mass. R. Civ. P. 4)



A True Copy
Attest:

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LADISLAV NAVRATIL,
*Plaintiff,*

vs.

FREMONT REORGANIZING
CORPORATION f/k/a FREMONT
INVESTMENT & LOAN, LITTON LOAN
SERVICING, LP, OCWEN FINANCIAL
CORPORATION, OCWEN LOAN
SERVICING, LLC, GOLDMAN SACHS
GROUP, INC., HSBC BANK USA, N.A. AS
TRUSTEE FOR FREMONT HOME LOAN
TRUST 2006-E, MORTGAGE BACKED
CERTIFICATES, SERIES 2006-E, AND U.S.
BANK NATIONAL ASSOCIATION, AS
TRUSTEE OF STRUCTURED ASSET
SECURITIES CORPORATION MORTGAGE
LOAN TRUST MORTGAGE PASS-
THROUGH CERTIFICATES SERIES 2006-
BC2,
*Defendants.*

Civil Action No. 13-cv-12785 DPW



I hereby certify on _____ that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk

## NOTICE OF REMOVAL

TO:  The Honorable Judges of the United States District Court for the District of
Massachusetts

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants, Litton Loan Servicing, LP

("Litton"), Ocwen Financial Corporation ("Ocwen Financial"), Ocwen Loan Servicing, LLC

("Ocwen Loan"), HSBC Bank USA, National Association, as Trustee for Fremont Home Loan

Trust 2006-E Mortgage Backed Certificates, Series 2006-E, ("HSBC, as Trustee") and U.S.

Bank National Association, as Trustee of Structured Asset Securities Corporation Mortgage

Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2 ("U.S. Bank, as Trustee")

(collectively "Defendants") hereby remove the action captioned Ladislav Navratil v. Fremont

Reorganizing Corporation f/k/a Fremont Investment & Loan, Litton Loan Serving, LP, Ocwen

FILED

Financial Corporation, Ocwen Loan Servicing, LLC, Goldman Sachs Group, Inc., HSBC Bank

USA, N.A., as Trustee for Fremont Home Loan Trust 2006-E, Mortgage Backed Certificates,

Series 2006-E, and U.S. Bank National Association, as Trustee of Structured Asset Securities

Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC2, now

pending in the Dukes County Superior Court, Civil Action No.: DUCV2013-00028, to the

United States District Court for the District of Massachusetts.  In so doing, Defendants state the

following:

1.   On or about July 19, 2013, Plaintiff, Ladislav Navratil ("Plaintiff") filed an action in
     Dukes County Superior Court (a copy of the complaint is attached hereto as "Exhibit A").

2.   Litton, Ocwen Financial, Ocwen Loan, HSBC, as Trustee and U.S. Bank, as Trustee are
     named as "Defendants" in the aforementioned matter, and were each served with a
     summons and a copy of the complaint on or about October 16, 2013.

3.   The Plaintiff alleges that his mortgage loans were presumptively unfair and requests that
     the foreclosure on the mortgage loans be enjoined.  The Plaintiff further alleges
     defendants have no right to collect on the mortgage loans entered into by the Plaintiff.
     The Plaintiff also alleges that he has a claim for relief under M.G.L. c. 93A.  Exhibit A.

4.   As a result of Plaintiff's allegations, this case is properly removed to this Court under 28
     U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332
     in that in that the matter is between citizens of different states, and the amount in
     controversy as set forth in the Complaint exceeds the sum or value of $75,000.00,
     exclusive of interest and costs.

5. In determining whether complete diversity exists, the Court considers the citizenship of all properly joined parties. See 28 U.S.C. § 1441(b). In this case, there is complete diversity between plaintiff and the defendants.

6. Plaintiff, Ladislav Navratil is a citizen of the Commonwealth of Massachusetts. "Exhibit A" at ¶1.

7. For purposes of diversity of citizenship under 28 U.S.C. § 1332, each of the defendants is a citizen of a state other than the Commonwealth of Massachusetts:

   a. HSBC, as Trustee has a principal place of business in New York City, New York (Id. at ¶3).

   b. Litton Loan Servicing, LP is registered in Delaware and has a principal place of business in Houston, Texas (Id. at ¶5).

   c. Ocwen Loan Servicing, LLC is a Delaware limited liability corporation and has a principal place of business in Florida (Id. at ¶6).

   d. Ocwen Financial Corporation is incorporated in the State of Florida and has a principal place of business in Atlanta, Georgia (Id. at ¶7).

   e. U.S. Bank, as Trustee has a principal place of business in Minneapolis, Minnesota (Id. at ¶10).

   f. Goldman Sachs Group, Inc. is a corporation organized under hte laws of the State of Delaware and has a principal place of business in New York City, New York (Id. at ¶9).

   g. Fremont Reorganizing Corporation is a corporation organized under the laws of the State of Californian and has a principal place of business in California (Id. at ¶2).

3

8. As set forth above, the Complaint seeks to enjoin defendants from "initiating or advancing a foreclosure," Compl. pages 1-2, and seeks a "permanent injunction prohibiting defendants from accelerating the [Plaintiff's] loans and/or foreclosing on [Plaintiff's] home," Compl. Prayer for Relief No. 9.

9. The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333 (1977). Here, the amount in controversy requirement is satisfied by the plaintiff's request that foreclosure activity on the property be enjoined. A plaintiff puts the entire value of the property at issue where, as here, he seeks to enjoin a foreclosure sale of property securing a loan with an outstanding balance in excess of $75,000. Compl. at ¶14, 15 (alleging that loans are in the amount of $425,360 and $106,340). In such circumstances, the amount in controversy is considered to be the outstanding balance due and owing on the loan. See Henderson v. Nationstar Mortgage Co., LLC, No. C07-2039JLR, 2008 WL 302374, at *1 (W.D. Wash., Jan. 31, 2008) (citing Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973)); Cabriales v. Aurora Loan Servs., No. C 10-161 MEJ, 2010 WL 761081, at *3-4 (N.D. Cal. Mar. 2, 2010) (amount in controversy satisfied where plaintiffs sought to enjoin foreclosure of home that exceeded $75,000 in value); see also In re M3Power Razor System Marketing & Sales Practice Litig., Civil Action Nos. 05-11177-DPW, 05-12336-DPW, MDL Docket No. 1704, 2007 WL 128846 at *4 (D. Mass. Jan. 11, 2007) (complaint seeking injunction requiring defendant to take corrective acts satisfied amount in controversy where cost of corrections would exceed jurisdictional threshold); Barr Inc. v. Town of Falmouth, 488 F. Supp. 2d 5, 9-10 (D.

4

Mass. 2007) (amount in controversy satisfied where plaintiff sought injunctive relief to prevent the enforcement of a six million dollar contract).

10. As a result, this Court has original subject matter jurisdiction over this action on the basis of 28 U.S.C. §1332, as there is complete diversity of citizenship between Plaintiff and the Defendants, and because the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

11. Pursuant to 28 U.S.C. § 1441(a), the right exists to remove this case from the Dukes County Superior Court to the United States District Court for the District of Massachusetts, Eastern Division, which is the district court for the district and division embracing the state court where the action is pending.

12. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Dukes County Superior Court.

13. Pursuant to Local Rule 81.1, the Defendants will file certified or attested to copies of all papers that have been filed in the Dukes County Superior Court.

14. By filing this Petition for Removal, the Defendants' are not making a general appearance, and do not waive their right to raise any defenses or grounds for dismissal pursuant to Fed. R. Civ. P. 12, or otherwise.

15. The undersigned counsel has conferred with counsel for defendant Goldman Sachs Group, Inc., who consents to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

**WHEREFORE**, Defendants, Litton Loan Servicing, LP, Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2006-E Mortgage Backed Certificates, Series 2006-E, and U.S. Bank National Association, as Trustee of Structured Asset Securities Corporation Mortgage Loan Trust

Mortgage Pass-Through Certificates Series 2006-BC2, respectfully requests that the above action

now pending against it in the Dukes County Superior Court in the Commonwealth of

Massachusetts be removed to this Court.

Respectfully submitted,

DEFENDANTS, LITTON LOAN SERVICING, LP,
OCWEN FINANCIAL CORPORATION, OCWEN
LOAN SERVICING, LLC, HSBC BANK USA,
N.A., AS TRUSTEE FOR FREMONT HOME
LOAN TRUST 2006-E MORTGAGE BACKED
CERTIFICATES, SERIES 2006-E, AND U.S.
BANK NATIONAL ASSOCIATION, AS TRUSTEE
OF STRUCTURED ASSET SECURITIES
CORPORATION MORTGAGE LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-BC2,
By its attorney,


/s/ Jessica S. Babine
Jessica S. Babine, Esq. (BBO #676037)
Houser & Allison, APC
45 School Street, 2nd Floor
Boston, MA 02108
Phone: (617) 371-0922
Fax: (617) 371-0923
Dated: November 4, 2013                    jbabine@houser-law.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was filed through the
Court's ECF system on November 4, 2013 and I further certify that a copy of the foregoing was
served upon the attorney of record for each party by mail on November 4, 2013.


/s/ Jessica S. Babine
Jessica S. Babine, Esq.